UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-cr-00086-DJC |
| Plaintiff, | |
| v. | ORDER |
| ABDUL BASIER HASHIMI, | |
| Defendant. | |

Defendant Abdul Basier Hashimi moves this Court to reduce his sentence from 151 to 135 months pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821 to the United States Sentencing Guidelines which eliminated status points for persons like Defendant with 6 or less criminal history points. (ECF No. 41.) Having considered the Parties' briefings, the Court declines to grant Defendant's requested sentence reduction because, given the seriousness of Defendant's offense, as well as his past criminal history, the Court finds a sentence reduction would undermine the goals of sentencing embodied in 18 U.S.C. § 3553(a). Accordingly, Defendant's Motion to Reduce Sentence will be denied.

## BACKGROUND

On August 31, 2018, Defendant pled guilty to one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1). (ECF No. 29.) The applicable guidelines range at sentencing was 151 to 188 months in prison based on Defendant's total

offense level of 31 and criminal history category of IV.  (ECF No. 33 at 3.)  On February 1, 2019, Judge Garland E. Burrell, Jr., sentenced Defendant to what was then a low-end, 151-month term of imprisonment to be followed by a 300-month term of supervised release, which was consistent with recommendations from the Government and the probation officer.  (ECF Nos. 33, 37, 38, 39.)

On November 22, 2024, Defendant filed the instant motion to reduce his sentence based on Amendment 821, which became effective in November 2023 and amended the Sentencing Guidelines' status points provision.  (ECF No. 41.)  The amended status point provision, U.S.S.G. § 4A1.1(e), eliminates status points for persons like Defendant with 6 or less criminal history points, and applies retroactively, U.S.S.G. § 1B1.10.  Defendant's revised guideline range is 135 to 168 months.  (*Id.* at 3.)  Thus, Defendant requests the Court reduce his sentence from 151 months to 135 months, the low end of his amended guideline range.  (*Id.*)  Defendant's current projected release date with good conduct time is April 5, 2028.  (*Id.* at 2 n.1.)

## LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c).  "But this general rule is subject to several exceptions."  *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).  One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1. District courts engage in a "two-step inquiry" to determine whether a sentence
2. reduction is appropriate under section 3582(c)(2). *United States v. Brito*, 868 F.3d
3. 875, 879–880 (9th Cir. 2017). First, the court must determine whether the defendant is
4. eligible for a sentence reduction under the Commission's policy statement in U.S.S.G.
5. § 1B1.10, which requires the court to decide whether the amended guideline range
6. would have been applicable to the defendant if the relevant amendment had been in
7. effect at the time the defendant was sentenced. *Id.* at 880. Second, the court must
8. consider the applicable section 3553(a) factors and determine whether, in its
9. discretion, the authorized reduction is warranted in whole or in part under the
10. circumstances of the case. *Id.* The Ninth Circuit has "called these steps the 'eligibility
11. prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d
12. 1151, 1157 (9th Cir. 2013)).

**ANALYSIS**

14. Here, the Parties do not dispute that Defendant is eligible for a sentence
15. reduction. (*See* ECF No. 48 at 1.) Rather, they dispute whether the Court should
16. exercise its discretion to grant a reduction from 151 months to 135 months.
17. Therefore, the Court only addresses the Parties' arguments as to step two.
18. Defendant argues that the commentary to the Sentencing Guidelines instructs
19. this Court to consider three factors in reducing a sentence: (1) the goals of sentencing
20. as embodied in 18 U.S.C. § 3553(a), (2) public safety, and (3) post-sentencing
21. conduct. (ECF No. 41 at 3 (citing U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(iii)).) Defendant
22. argues that these factors all mitigate in favor of a sentence reduction to 135 months
23. because (1) status points produce overly long sentences and do not predict
24. recidivism; (2) relevant data indicates sentence reductions do not implicate public
25. safety concerns; and (3) the section 3553(a) factors support a reduction. (*Id.* at 3–7.)
26. As to the section 3553(a) factors, Defendant argues that a "modest" sentence
27. reduction to 135 months meets the goals of sentencing because, among other things,
28. Defendant has used his time in prison productively and positively, taking multiple

classes, completing a non-residential drug and alcohol treatment program, and earning his GED. (*Id.* at 6.) Defendant also notes that he has developed a "thoughtful and realistic release plan," which includes living with his parents in Elk Grove and working with his brother who is a landscape superintendent. (*Id.*) Finally, Defendant attaches letters from his parents, brother, and wife, who attest to his maturation and growth while in prison. (ECF Nos. 41-2, 41-3, 41-4, 47.) Given this "solid record of rehabilitation," Defendant argues the Court should grant his requested sentence reduction. (ECF No. 41 at 7.)

In opposition, the Government argues the section 3553(a) factors do not support a sentence reduction here. (ECF No. 48 at 6–10.) First, the Government argues that the nature and circumstances of Defendant's offense are serious, as Defendant victimized a 14-year-old girl for nearly three months by sex trafficking her for money, using force and threats against her, and engaging in a sexual relationship with her. (*Id.* at 2, 6–7.) Further, the Government argues that Defendant's history and characteristics weigh against a sentence reduction, as he has "sustained convictions for a wide range of crimes including, residential burglary; receiving stolen property; driving under the influence of drugs; making threats with the intent to terrorize; [and] two vandalism offenses involving conduct that endangered others" and has remained "undeterred by numerous, although brief, periods of incarceration, terms of supervision, and other run-ins with law enforcement." (*Id.* at 7.) Lastly, the Government argues Defendant's rehabilitative efforts, while commendable, are not a sufficient reason to reduce his sentence given the "serious nature of Defendant's offense, his lengthy criminal history and repeat recidivism, [and] the need for just punishment and to promote respect for the law." (*Id.* at 8–10.)

The Court finds that a sentence reduction is not warranted here. While the Court commends Defendant on the steps he has taken to improve himself while in prison and proactively plan for his eventual release, the Court is struck by the gravity of Defendant's offense, as well as his criminal history and repeated recidivism.

1  Accordingly, the Court finds that Defendant's 151-month sentence continues to be
2  sufficient but not greater than necessary to satisfy the statutory sentencing goals set
3  forth in section 3553(a) to account for the seriousness of his crime, provide just
4  punishment, promote respect for the law, deter criminal conduct, and protect the
5  public.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Reduce Sentence is DENIED.  (ECF No. 41.)

Dated:  May 27, 2025

*Daniel J. Calabretta*
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE